## PAPAY v CHAPKE

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 6, 1934

E. T. Phillips, Youngstown, for plaintiff in error.

Friedman & Rummell, Youngstown, for defendant in error.

## OPINION

By FARR, J.

The first claim of error is that the trial court made improper remarks upon the trial of the cause in the court below. It may be observed that it is not found that any remarks made by the trial court would be sufficient in this instance to reverse the judgment.

Again, it is said that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Upon this assignment for error the court finds that the verdict of the jury is sustained, or rather the verdict of the jury is justified by the record.

Second, it is claimed that the verdict of the jury is against the weight of the evidence. This court does not so find. The next complaint is concerning remarks of the trial court, and again some further remarks of the court, and then there is the complaint that the trial court refused to admit competent evidence offered by plaintiff in error, to which defendant in error duly excepted and plaintiff in error duly excepted. It is not found in that connection that there would be reversible error in that behalf.

Next, it is complained that the trial court erred in its charge to the jury as follows:

"If you find this transaction to have been whatever you may believe a gift to be, it is not the agreement this plaintiff has sued on, and therefore, she is not entitled to recover, even though there is a contract which you may unwittingly and unknowingly call a gift."

The trial court, of course, should have instructed the jury as to what would constitute a gift, as in **86 or 87 Oh St.**

Seventh, error on the part of the court in refusing to sustain the plaintiff in error's motion to withdraw a juror and continue the case at the close of defendant in error's opening statement. There is no reversible error in that behalf. It is insisted that there was gross misconduct on the part of counsel for defendant in error below. Upon an examination of all of these complaints they are found to be not reversible error, and so it is not found that any of the com-

plaints set out in the brief of plaintiff in error would be a proper basis for the reversal of this judgment, and this especially for the reason that suit was brought upon an **express** contract in the court below, and the claim of an express contract is said to be based upon the fact that Susie Bero during her life time deposited in the Farmers Savings & Loan Company, at Canfield, this county, the sum of $12,000. It was deposited in her name, in the name of Louis Sabo and Edith Papay, the half sister of Sabo, they being nephew and niece of Susie Bero. It is also claimed that there is sufficient proof disclosed in the record to establish an express contract. It is claimed that something is said at pages 110 and 111 with reference to such express contract. The witness says, at page 111:

"She at that time told me that she had taken care of Balaze Chapke, by buying him a farm, and she was going to have Mrs. Chapke live with her and she wants me to come there and live for free rent and she had taken care of Edith Papay and had decided how she was going to take care of all of them."

A statement to practically the same effect is to be found on page 138, as follows: "As I was going over to visit my sister, I met Mrs. Papay on the porch steps leaving, and when I got there Mrs. Bero called me into her apartment, her own side of the house, and showed me a basket of, well, it is like cookies or cakes, baked goods, noodles and a basket of clothes that Mrs. Papay had ironed for her and brought to the house. She said she is having a hard time to express exactly the words Mrs. Bero had said. She said I am not paying or giving her anything for what she is doing for me now but I have her taken care of. I will have her taken care of after my death."

In this connection it should be remembered that the deposit in the Farmers Savings & Loan Company, at Canfield, was made in the name of Susie Bero, Louis Sabo and Edith Papay, but it was provided that no one but Susie Bero could withdraw the money from the Savings & Loan Company.

And again, another witness testified, at page 147 of the record.

"We went out there July 17th and we went on the farm, and Mrs. Papay, she went, we went on the farm and then Mrs. Chapke, she was outside, see, I didn't see Mr. Chapke, and Mrs. Papay, she asked Mrs. Chapke where is Mr. Chapke, I don't see him, and Mrs. Chapke said he is out in the field, and we went out in the field and we found him out there, and Mrs. Papay and me and my husband and Mr. Papay, we went by him in the field, and then Mrs. Papay asked him that my uncle what you want to do, you don't want to give me anything and he said I give you the dollar what Mrs. Bero left you in the will, and Mrs. Papay said, listen, I don't want that I want that $6,000 what she put in the bank for me for my work I done for her, and Mr. Chapke said nothing doing, I ain't going to give you nothing more than that dollar she left you in the will and you go ahead and do what you please, go ahead and sue me for it. I ain't going to give you another penny more," and so forth.

Perhaps another witness or two testified in substance to the same effect, but the difficulty in this case is simply this that the testimony, none of it, would sustain an express contract upon the part of Susie Bero with Edith Papay for her services, and this action, it will be recalled, is brought upon an express contract.

That practically covers all of the testimony in the record relating to an express contract. First, the deposit of $12,000 in the Savings and Loan Company at Canfield in the name of the three persons, with the provision that only Susie Bero could withdraw the funds. That would not constitute a gift. Therefore, there could not be a claim based upon a gift, for the reason that very clearly Susie Bero did not surrender dominion over the money in the Loan Company, because she alone could withdraw it. Nor did that fact alone constitute an express contract, nor does what any of these witnesses say sustain an express contract.

Therefore, the conclusion must be that the jury returned a proper verdict in this case, that there is no testimony here to sustain the claim of an express contract, and such being the case, it does not matter particularly as to what errors may have been committed by the trial court in the hearing of this case, or alleged misconduct on the part of counsel, because if there is no proof of an express contract, there could be no recovery, and if there could be no recovery, then no error would be reversible.

Some of the complaints made by plaintiff in error are not based upon matters now in the record. Therefore, they would not avail in this instance. For example, when

in the charge the trial court instructed on the matter of gift, there was no request that the trial court define what would constitute a gift. Not all of the complaints are based on exceptions. It follows, therefore, that the judgment must be affirmed and final judgment will be entered in behalf of the defendant in error.

Judgment affirmed.

LYNCH and ROBERTS, JJ, concur in the judgment.